## PURDON *vs.* LINTON'S EXECUTORS.

#### APPEAL FROM THE COURT OF THE FIRST JUDICIAL DISTRICT.

Parole evidence is inadmissible to prove the simulation of a sale, that the property in question was conveyed as a security to indemnify the vendee against certain endorsements, from which he has since been released.

Parole evidence is admissible to explain an ambiguity arising extraneous of the written instruments, to show that certain property alluded to in a counter-letter was the sole property of the vendor, and must have been that which formed the subject of the sale and conveyance sought to be rescinded.

A written instrument which does not of itself prove a contract of sale of immoveable property, cannot be rendered sufficient by the admission of parole evidence, to explain and enlarge its obligations.

A letter written by the vendee to the vendor of certain houses and lots, which renders it quite clear that the vendee did not intend really to purchase the property, but merely to hold it as a nominal purchase to secure him against certain endorsements for the vendor, will be received as evidence of the true understanding of the parties.

This is an action to recover and compel a re-conveyance of certain city property, which the plaintiff conveyed to the late John Linton by public act dated May 15, 1834.

The suit is instituted against the executors, the widow in community and heirs of the deceased. The plaintiff alleges that he conveyed the property in question to Mr. Linton to secure him against certain endorsements which he had made on his (plaintiff's) account, to the amount of nineteen thousand and thirty-nine dollars; that these obligations were since all taken up and cancelled, but that in the meantime Linton died, and his executors have had this property inventoried as part of his estate.

The plaintiff prays that he be decreed to be the owner of said property, and the executors required to re-convey it to him. He also annexed interrogations to be answered by Thompson, one of the executors and principal clerk of Linton, at the time of the transactions relative to this property, requiring him to state the true nature and character of the sale.

The executor excepted to the right of the plaintiff to interrogate him, inasmuch as it is an attempt to prove, by parole testimony an agreement affecting real property, and the simulation of an authentic act of sale of such property. The exception was sustained by the court.

The defendants then answered and pleaded a general denial, and denied especially that the plaintiffs had any cause of action against them, &c. The plaintiff produced the following letter from Mr. Linton, and offered it in evidence as a counter-letter to show the intention of the parties to the public act; and that the conveyance of the property was intended as a security, only, and not real.

" Dear Sir : I fear that there is some misunderstanding as to the consideration to be inserted in the deed for the levee

property. This conveyance is a real security. If it ever operates as a security, it must not be put at a price that no man in his senses would think of.

I, therefore, will not consent to receive it at a larger sum than the consideration expressed in the deed; but if you do not understand me, I beg you to come down and let it be decided upon at once.

Yours, &c. J. LINTON.

Mr. Purdon.                    Thursday, 2 o'clock P M."

Parole testimony was then offered and received, to explain this letter, and which showed it related to the property now claimed. The plaintiff further showed that the endorsements of Mr. Linton, made for his benefit, were since paid off and cancelled.

The district judge to whom the cause was submitted, was of opinion that the letter of Mr. Linton, taken in connexion with the parole evidence explaining it, showed clearly that the act of May 15, 1834, was intended as a security on account of endorsements made by Linton for the benefit of the plaintiff, which have since been taken up and paid. Judgment was rendered, decreeing the property to belong to the plaintiff, and ordering the executors and widow, in community, and tutrix of the minor heirs of Linton, to re-convey the same. The defendants appealed.

*Maybin,* for the plaintiff.

*Peirce,* for the defendants.

*Bullard J.,* delivered the opinion of the court.

This case has been submitted upon written arguments, and presents the single question, whether there is sufficient legal evidence in the record to show that a contract between the plaintiff and the late John Linton, purporting to be a sale of certain lots in the city of New-Orleans, was, in fact, not intended to operate as such, but was entered into for the sole

PURDON
*vs.*
LINTON's EXR's.

Parole evidence is inadmissible to prove the simulation of a sale, that the property in question was conveyed as a security, to indemnify the vendee against certain endorsements from which he has since been released.

Parole evidence is admissible to explain an ambiguity, arising extraneous of the written instrument, and to show that certain property alluded to in a counter-letter, was the sole property of the vendor, and must have been that which formed the subject of the sale and conveyance sought to be rescinded.

A written instrument, which does not of itself prove a contract of sale of immoveable property, cannot be rendered sufficient by the admission of parole evidence, to explain and enlarge its obligations.

purpose of securing Linton against certain endorsements, from which he has since been released by the plaintiff.

Parole evidence would be clearly inadmissible, to prove as between the parties, that species of simulation. The plaintiff relies upon a letter from Linton, written to him about the same time the act bears date, as a counter-letter. He begins by saying, that he fears there is some misunderstanding as to the consideration to be inserted in the *deed,* for the *levee property.* He then goes on to say, " this conveyance is a real security; if it ever operates as a security, it must not be put at a price that no man in his senses would think of. I therefore will not consent to receive it at a larger sum than the consideration expressed in the deed," &c.

The expressions contained in this counter-letter, certainly repel the idea, that the conveyance alluded to was intended as a sale for a fixed price, and the only doubt is, whether it alludes to the contract in question. It speaks of the deed for the levee property. Here is an ambiguity, not arising from the language used, but from something extraneous. Parole evidence was admissible, in our opinion, to explain such an ambiguity. The evidence shows clearly, that this was known as the levee property, and that the plaintiff had no other in that part of the city. It is also shown, that the parties were in the habit of endorsing for each other, and that at the time of the conveyance, Linton was about departing on a journey to the North, from which he never returned, and that all his engagements were released by Purdon paying the notes which had been endorsed by him. It is further shown, that the property never was delivered to Linton, but has always remained in possession of the plaintiff, who has continued to receive the rents.

It is true, that our code has abolished the old doctrine of commencement of proof in writing, which authorised the admission of parole evidence, to prove that, which any writing emanating from the party rendered probable. In the case of Allison *vs.* Fox, 5 Louisiana Reports, 460, this court held, that a paper which did not *per se* prove a contract

of sale of real estate, could not be rendered sufficient by parole evidence, to explain or to enlarge it, so as to render it obligatory on the pretended vendee. But the present case is different. The paper produced is a counter-letter, which renders it quite clear to our minds, that Linton did not intend really to purchase the property, but merely hold it as a nominal purchase, to indemnify him against his engagements as endorser. He objects to a higher sum being mentioned as the consideration, and that sum is nineteen thousand and thirty-nine dollars and eighty-two cents, and the reason he gives, is, that the conveyance is a real security. It was not, therefore, understood by him as a sale of the property, and we have no doubt, from the evidence before us, that if he were alive he would re-convey to the plaintiff.

It is, therefore, ordered, adjudged and decreed, that the judgment of the District Court be affirmed, with costs.

Eastern Dist.
June, 1836.

A letter, written by the vendee to the vendor of certain houses and lots, which renders it quite clear that the vendee did not intend really to purchase the property, but merely to hold it as a nominal purchase to secure him against certain endorsements for the vendor, will be received as evidence of the true understanding of the parties.