## No. 975.

ARVENNE HÉBERT ET AL., ADMINISTRATORS, VS. F. D. LÉGÉ, ADMINISTRATOR, ET AL.

As between parties to a written act of sale, and the heirs of such parties, parol evidence is inadmissible to show the act to be simulated. Only a counter-letter can avail such persons.

Before the administrator of a decedent can show by *parol*, the simulation of a sale made by the latter, he must allege, and prove, that the sale was in fraud of creditors.

A mere trespasser can not put at issue the title of the person who is in possession, as owner, of the property trespassed on.

APPEAL from the Sixteenth Judicial District Court, parish of Vermilion. *Mouton, J.*

*F. R. King,* for plaintiffs and appellants.

*R. P. O'Bryan* and *W. W. Edwards,* for defendants.

The opinion of the court was delivered by

SPENCER, J. This is an action by plaintiffs against defendants for

trespass. They allege in substance that the estate of F. E. Dartez, by them administered, is owner and in possession of a certain piece of land, and of certain buildings and fences thereon, as evidenced by two deeds duly recorded, one dated in 1868 by authentic act, and one in 1872 by private signature. By the former Julien Dartez sold to his brother, F. E. Dartez, the buildings and fences on said land, and by the latter the land itself. The defendants are F. D. Légé, administrator of Julien Dartez, and his brother, Fergus Légé. Plaintiffs charge that these parties, with full knowledge of their possession and rights in said property, and in defiance thereof, and notwithstanding their protest, unlawfully entered upon said property, tore down and carried away the fences, and one of the houses, and were pulling down others, and had in part done so. They pray for an injunction, for three hundred dollars actual damages, and five hundred dollars as exemplary or punitive damages, and to be quieted in their title and possession. The injunction was granted.

Defendants answer, first by a general denial, averring that said property did not belong to F. E. Dartez, and denying the identity of the property described in plaintiffs' petition with that described in the deeds. They further aver that even if it be the same property, that said sales were mere simulations, and nothing was ever conveyed or intended to be conveyed by said sales.

On the trial below there was judgment for defendants, and plaintiffs appeal.

Defendants argue in their brief that this court is without jurisdiction; but we think otherwise. Outside of the claim of five hundred dollars punitive damages, the demand is for three hundred dollars actual damages, and to be quieted in their title and possession of the property, which is alleged to be worth more than five hundred dollars.

There are fifteen bills of exception in the record to rulings of the court in admissions and exclusions of evidence, but it will not be necessary to consider them in detail, as there are a few general and fundamental legal principles governing them all.

As between parties and their heirs (other than forced heirs of the vendor) the only admissible evidence of the simulation of a formal written contract is a counter-letter. The retention of possession by the vendor, upon which the district judge bases his decision, is a badge of simulation so far as " respects third persons," and as against such third persons " the parties must produce proof that they were acting in good faith, and establish the reality of the sale." C. C. 2480. But we repeat that as between the parties themselves and their legal representatives the act makes full proof, and its reality can not be disputed by parol. " An administrator can not prove by parol the simulation of his intestate's sale, unless *alleged to be* in fraud, or to the injury of creditors."

14 An. 610. "As between parties or their representatives, parol evidence is inadmissible to show simulation of written acts." 4 La. 167; 3 An. 154; 4 An. 487; 9 La. 566; 3 R. 457.

Creditors, and therefore administrators who represent them, may, of course, *under proper allegations*, attack the debtor's acts as simulated, and resort to every sort of evidence and presumption allowed by law to establish it. But in order to exercise this right, the creditors, or the administrator for them, *must allege* and prove that the act complained of so diminishes or affects the debtor's estate as, if maintained, it will deprive them of their rights. In other words, they must allege that the effect of the act will be to render insolvent the estate of the debtor. They must allege and prove that the debts due by the vendor existed against him at or before the date of the alleged simulated act. C. C. 1993. Hennen's Digest, p. 1123, No. 18.

Now, in the answer of the defendants there are none of these essential and necessary allegations. All the evidence offered by them tending to show simulation, and rejected by the court, and to which their bills of exception were taken, was inadmissible even in behalf of the defendant administrator, because there were no allegations to sustain it. As for the other defendant, Fergus Légé, he had no capacity or right to raise the question of simulation at all, as he was neither creditor, heir, nor representative of either party to the act. He is sued as a trespasser, and, if such, he can not escape liability by denying plaintiffs' title. "A mere trespasser can not question the title of one possessing as owner." Hennen's Digest, p. 1058, No. 14; 7 N. S. 171; 1 R. 510; 10 R. 99. The defendants' other bills of exception were taken to evidence going to show the identity and locality of the property. It was properly admitted.

On the merits, plaintiffs have, we think, fully made out their case. They have produced formal acts of sale from Julien to F. E. Dartez of the property in controversy, and satisfactorily identified it. They have shown that they were peaceably in possession under those titles, and that although Julien Dartez resided thereon up to his death, he always acknowledged F. E. Dartez as owner, and represented himself as his agent. It is further shown that the defendants, with full knowledge of these facts, and against the protests of plaintiffs, under pretext that the property belonged to the estate of Julien, entered upon it defiantly, and, as they said, " under their own orders," and commenced to pull down the fences, buildings, etc., and did pull down and carry away about two hundred panels of fence and one house, and part of the chimney of another house. Such high-handed modes of enforcing what people may be pleased to imagine or allege to be their rights can not be countenanced by courts of justice, and deserve judicial reprobation. Even if their rights had been undoubted, the law does not tolerate such modes

33

of redress; and we are at a loss to understand how the district judge, even under his view, that the sale was simulated by virtue of the presumption of article 2480 of the Civil Code, could have concluded that that justified the violent and tortious acts of the defendants.

The judgment appealed from must be reversed. We think that the plaintiffs have shown damages to the amount claimed, three hundred dollars, and should be quieted in their title and possession of the property.

It is therefore ordered, adjudged, and decreed by the court that the judgment appealed from be avoided and reversed, and it is now ordered and decreed that the injunction sued out be perpetuated, that the plaintiffs recover of the defendants, François D. Légé and Fergus Légé, *in solido*, the sum of three hundred dollars, and be quieted in the title and possession of the property in controversy. It is further decreed that defendants pay costs of both courts.