## No. 9351.

### Charles Vial vs. John G. Moll et al.

In the absence of a specific averment of error, fraud, ambiguity, or the like, oral testimony is inadmissible to contradict, vary, restrict, or enlarge an authentic act. In the absence of an averment that time was granted *since* the date of such act and in the face of one to the effect that time was agreed to, *previous* thereto, oral testimony cannot be received.

It is especially inadmissible to show that the consideration of a mortgage given to secure the payment of a note issued for value received in advances made, and which is acknowledged in the act as an indebtedness—was not the consideration of the act; but that the consideration was the granting of time for the payment of the mortgager's debt, and the promise of the mortgagee to furnish supplies to work the mortgaged land.

Want of consideration is not one of the causes for which an injunction can be obtained without bond, under Art. 739, C. P.

Objections to the legality of the issuance of such injunction without bond, can be formulated, either in a rule to dissolve, or in an exception, and urged at the time of offering the oral testimony, on the trial of the rule or exception.

An answer filed under *reserve* of such exception cannot be considered as a waiver of the preliminary defense. It joins issue on the merits only, if the exception is overruled.

In the absence of legal proof in support of the averments, a judgment of *non suit* is the proper one to be rendered.

APPEAL from the Twenty-Sixth District Court, Parish of St. John the-Baptist.  *Hahn*, J.

*James Legendre, Francis B. Lee*, and *St. M. Bérault* for Plaintiff and Appellant.

*L. DePoorter* for Defendant and Appellee.

The opinion of the Court was delivered by

BERMUDEZ, C. J.   The plaintiff appeals from a judgment of *non suit* dissolving an injunction taken by him, without bond, against executory process issued on three notes of his, against property said to have been mortgaged to secure their payment.

The substantial averments of his petition are: *that* one of the two notes, older in date, was issued without consideration and *that* the last note issued, thirdly described in the petition, was uttered and secured by mortgage, on a promise of the holder of the two notes to grant time for the payment of the debt, and to make advances for the cultivation of the land mortgaged to secure the notes.

The injunction was asked and was granted without bond.

Shortly after, the plaintiff in executory process, charging that the injunction had illegally issued without bond, and that the allegations of the petition were false, took a rule for the dissolution of the writ.

On the day of trial of the rule, the mover therein filed an exception to the right of the mortgager to an injunction without bond, and, under reserve of this exception, pleaded the general issue, averring, however, his claim and mortgage.

The exception was overruled.   Plaintiff in injunction then offered oral testimony in support of his averment.   On objection, the testimony was ruled out and bills were reserved.

The testimony was offered to show :

1.   That one of the two notes older in date had issued without consideration.

2.   That the consideration of the last described note was an extension of time; and

3.   That the consideration of the mortgage was a promise to furnish supplies, the complaint being that, in violation of the understanding between the parties, neither was the time granted, nor the supplies furnished.

Vial vs. Moll et al.

Objection was made to the admission of this testimony to establish want of consideration of the note first mentioned, on the ground that, even if the fact were true, it did not authorize an injunction without bond, and that this defense was in conflict with, and waived by, subsequent averments of the petition, which admits the validity of the debt evidenced by that note, and is based on an agreement alleged to have been made anterior to the date of the mortgage act.

Objection was also made to the hearing of oral proof to support the second and third grounds of complaint in the injunction, on the ground that it would contradict, vary, or enlarge the authentic act, in which the consideration of the note and of the mortgage is, without the least ambiguity, expressly declared to be the indebtedness of the drawer and . mortgager for value received in advances for the previous year.

The plaintiff in injunction contends that the objections should have been made, either in a rule to dissolve, or by objection, at the time of trial, to the reception of the testimony.

This is precisely what was done by the defendant in injunction. He not only took the rule, but also objected when the offers were made to the reception of the oral testimony. He, besides, filed an exception, which, like the rule, objects to the legality of the injunction without bond. He has further eventually put the averments of the petition at issue by denying them. We are, therefore, at a loss to perceive the force of the contention, even if the proposition advanced be a correct one.

After creditably admitting here that he had no right to inject into his petition for an injunction, without bond, a ground (want of consideration) not enumerated among those specified in Art. 739, C. P., which authorize an injunction without security; and that the ruling excluding testimony to establish it is correct, the plaintiff in injunction insists nevertheless, that he had a right to introduce the oral proof, to show that the consideration of the third note and of the mortgage securing it was not only money, but also time and supplies.

His counsel refers the court to several authorities with a view to establish that oral testimony has been judicially allowed, to show facts at variance with declarations made in authentic acts, in kindred instances. The rulings invoked were made, either in cases in which the act was silent on the question of consideration, or in cases in which error, fraud, ambiguity, or some other cause had been alleged, or in which third parties were the movers. They surely do not apply to suits in which such features are not prevented—which is the case in the instant controversy.

On the trial, a question was put to a witness to ascertain whether the mortgagee had, *at any time,* granted time for the payment of the debt; but, on objection, the question was not allowed to be answered.

The reason for this ruling was, that the averments of the petition showed that the promise, if any was ever made, was *anterior* to the date of execution of the last act of mortgage which distinctly states that the consideration of the mortgage was the indebtedness of the mortgager as evidenced by the note last described, and which had been issued for value received in advances of the previous year.

Had a vitiating charge been made, or one alleging an ambiguity in the act, over even that *since* the execution of the mortgage last consented, time had been granted, a different case would have been presented.

The portion of the article of the Code of Practice (739) which provides that the debtor can arrest the sale, where time has been granted to him, although this circumstance be not mentioned in the contract, can have no reference to time granted *before,* and can only mean time granted *after* the date of the contract. It allows this defense, although no provision was made in the contract, for the obvious reason, that the granting of time was a new contract subsequently entered into, of which proof is admissible, notwithstanding what may be contained in Article 2276 of the R. C. C. which prohibits the admission of *parol* evidence, not only against or beyond what is contained in the act, nor on what may have been said before, or at the time of making them, or *since.*

The oral testimony offered was evidently designed, if not to contradict, at least to vary and enlarge the declarations of the authentic act, touching the consideration of the mortgage given.

If it was not tendered to *add* to, or take from, the act, what was it offered for? It clearly had not for its sole object, if that, to confirm the declarations of the act, for that would have been a superfluity possibly injurious to the debtor. It was palpably intended to inject into the act what is not found in its context, and what is claimed should have been incorporated into it.

Confronted with the express declaration of what the consideration of the notes and of the mortgage was, and in the absence of any averment justifying an inquiry behind the act into anterior or contemporaneous matters, or to establish a new contract for delay in payment, subsequent thereto, we think the testimony was properly ruled out. The act is at least *prima facie* binding on the parties, and its effect

must conclude them, unless it be destroyed or impaired by written ev idence or by testimony admitted, under a vitiating special averment as already stated, or under a different statement of rights.

It is needless to indulge into any extended argument or quote specifically many authorities in support of such plain proposition of law. A general reference to fountain heads is all that is required. R. C. C. 2276; C. P. 739; Hen. Dig. 534, 536, 538, 540; Lou. Dig. 251; Greenleaf vol. 1, secs. 275, 277, 281, 283.

By this litigation, which was inaugurated on February 29, 1884, the plaintiff has reaped the benefit of the contract which he says had been agreed to, viz: *time*, in other words, a suspension of the sale of his property, until the end of the year 1884, which has now fully gone by.

Judgment affirmed.

Rehearing refused.

### DISSENTING OPINION.

POCHÉ, J. My conception of the true issue involved in this case compels me to differ from the conclusions announced by my associates.

Under my views of the controversy, its pivotal point involves the right of a defendant in an executory process to prove by parol testimony that time had been granted to him for paying the debt for which his property has been seized. The debt in execution in this case is represented by two notes dated June 28, 1882, and by another note dated January 26, 1884, all these being past due on their face when the seizure was made.

The latter note was secured by mortgage under date of February 5, 1884, without novation of the original tenor of the note. The act of mortgage did not, therefore, stipulate another or a different date of the contract which created the debt.

Now it is conceded that parol testimony would be admissible to show an agreement to extend the maturity of an obligation, if made since the execution of the contract which evidences the obligation.

It follows, therefore, that if the executory process had issued on the notes and mortgage of June, 1882, exclusively, it would have been competent for the debtor to show by parol testimony the consent of his creditor granted in January, 1884, to allow him an additional time for the payment of the debt.

The indebtedness of Vial on the note of January 26, 1884, did not spring from the act of mortgage of the 5th of February following, but it was created by the note itself, which is the principal obligation, to which the mortgage subsequently granted was a mere security or accessory. The act of mortgage contained no mention of the maturity of the obligation, as a consideration or stipulation of the act itself; it merely recited the date of the execution and of the maturity of the note as fixed by a previous and separate contract. It appears clearly from the allegations of Vial's petition of injunction, that the agreement for extension of the maturity of his entire debt to Moll was made between the 26th of January and the 5th of February, 1884, as the act of the latter date is alleged to be the result of the agreement in question.

It therefore follows that the alleged consent to grant additional time for the payment of the debt, was not made previously, but subsequently to the act which created the obligation between the parties.

The agreement or contract for the extension of time was, therefore, no part or element of the act of mortgage, but it was entirely and absolutely distinct and separate therefrom.

The act of mortgage was intended to secure the note as it stood at the time. From the moment that the agreement was carried into effect by the execution of the mortgage, the *status* of the note was fixed, and the projected renewal thereof was effected. To prove that renewal, and that of the two previous notes was the real and only object of the testimony offered by plaintiff.

What then becomes of the argument that the proffered oral testimony was intended or is calculated in its effects to vary or contradict the act of mortgage? That testimony would not and could not impair or affect the security which the parties contemplated to result from the act of mortgage which, as to maturity, would merely follow the fate of the note which it secured. The contract which would be affected by that testimony was the note itself, and not the subsequent act of mortgage.

The silence of the act of mortgage on the subject of the new contract which the debtor sought to prove by parol evidence, cannot avail against the debtor.

Art. 739, Code of Practice, provides that the debtor can arrest the sale of the thing seized by alleging:

4. "That time has been granted to him for paying the debt, *although this circumstance be not mentioned in the contract.*"

Plaintiff has not weakened his case, or impaired his legal right to resort to parol testimony to show that he had been granted time, by

alleging the consideration of that agreement, which was to grant a mortgage as security on his unsecured note which his creditor held. That consideration was quite reasonable and equally legal. It is always competent for a party to a written contract to show by parol testimony the real cause of the contract when the same is not expressed or described therein. Jackson vs. Muller, 32 Ann. 432; Cole, adm. vs. James Smith, 29 Ann. 551; Saramia vs. Comp., 13 Ann. 25; Falcon vs. Boucherville, 3 Rob. 337; Cain vs. Pullen, 34 Ann. 511.

In my opinion, the testimony offered was admissible, and there is error in the judgment which excludes it.