Tenney vs. Abraham.

## No. 10,777.

### HENRY TENNEY VS. SIMON ABRAHAM.

1. In an injunction suit against a seizure and sale of mortgaged property no evidence of an agreement to grant time of date prior to that of the note and mortgage sought to be foreclosed is admissible, to vary or contradict the same, in the absence of allegation of fraud or error.

2. Conversations between the parties explanatory of the purpose and object of the acts are likewise inadmissible.

3. Evidence as to a promise or agreement on the part of the mortgagee, *since* the execution of the act of mortgage to grant time, is inadmissible in the absence of any averment to that effect in the plaintiff's petition.

APPEAL from the Twentieth District Court, Parish of Lafourche. *Beattie*, *J.*

*E. A. O'Sullivan* for Plaintiff and Appellant:

It is not necessary to use in civil pleadings the words "fraud," "error."

If the allegations of the petition tend to show fraud and error, evidence in support of the allegations will be admitted to prove them as though the words "fraud," "error," were used. Moak's Van Santvoord's Pleadings; Bliss, Pleadings, Sec. 311.

*L. P. Caillouet*, for Defendant and Appellee, cited C. C. 2276, 2236; 38 An. 593; 37 An. 203; 7 An. 75; 16 An. 307; 42 An. 522.

The opinion of the court was delivered by

WATKINS, J. The plaintiff's case is an injunction without bond, obtained under the provisions of Article 739 of the Code of Practice, against the defendant's executory proceedings in the foreclosure of a special mortgage on plaintiff's one-eighth interest in the Ravenswoodplantation.

The defendant's counsel obtained an order, under the provisions of Article 741 of the Code of Practice, requiring plaintiff to prove the truth of his averments, else his injunction would be dissolved; and he filed contemporaneously therewith a peremptory exception to plaintiff's suit, on the ground that it is not therein stated that the time alleged to have been granted him was *subsequent* to the date of execution of the note and mortgage on which his seizure and sale are based, and that such an averment is essential to such a suit.

The rule and exception were tried at the same time and sustained, and the rule was made absolute, and from the judgment dissolving plaintiff's injunction he has appealed.

Tenney vs. Abraham.

The note and mortgage sought to be foreclosed bear date June 14, 1889, and the note was made payable on the 1st of January, 1890.

From the general tenor of the act it appears to be a liquidation and settlement of plaintiff's outstanding indebtedness to the defendant, the consolidation of all previous indebtedness into one obligation to which is given a *future* date of maturity, and its security evidenced by a new mortgage.

The grounds of plaintiff's injunction are that Abraham, the defendant, entered into a written agreement with him and other co-owners of the Ravenswood plantation on the 12th of September, 1888, in which he bound and obligated himself not to enforce *any* of the indebtedness of said parties for a term of three years. That plaintiff at that time owed the defendant two notes, namely, one for $1369.54, dated 28th of March, 1888, and the other for $5625, dated 9th May, 1888; both antedating said agreement. That those notes were given for advances on his interest in the Ravenswood plantation. That those were the notes which evidenced the indebtedness which is made mention of in the agreement of the 12th of September, 1888, and that same was not therefore increased, but was on the contrary diminished. That, for the purpose of *liquidating* plaintiff's indebtedness to Abraham, and to carry into effect the terms of the contract of September 12, 1888, he acknowledged himself indebted in the sum of $3094.43, in full of all dues and demands upon the two above mentioned collateral obligations for crop advances, and gave a note payable on the 1st of January, 1890.

That by entering into this contract, and the execution of said note and mortgage, it was not *his* intention to waive and renounce, and that he did not, as matter of fact, waive or renounce the agreement of September 12, 1888; but that, on the contrary, "the acknowledgment was made with *the express purpose* and intent of facilitating the sale of said plantation, of enabling the said Abraham to buy in the whole thereof, of *reselling* to (him) your petitioner his interest therein at the price acknowledged to be due by him, all according to the agreement of the 12th of September, 1888. That no part of said note is due or exigible, payment thereof being extended to one, two and three years *after his share of said plantation* had been bought in by Abraham and resold to your petitioner." Plaintiff's brief, p. 4. He avers that this agreement has not been kept by Abraham, and that he has failed and refused to carry out same.

It may be well to premise here that the agreement of September 12, 1888, is the same one that was involved in the suit of Penouilh vs. Abraham, 42 An. 326, in which the principal question was, whether plaintiffs, one of whom is the plaintiff here, were entitled to the time therein stipulated. The contention of the defendant, Abraham, in that suit, was that the principal object of all parties to that agreement was the elimination of Mrs. Broussard's undivided interest in the Ravenswood plantation, and its acquisition by (him) Abraham. That in order to accomplish that object, a partition suit was deemed expedient and advisable, and as the parties, Penouilh, tutor, and the plaintiff herein, were necessary parties to such a suit, he consented to purchase at partition sale the *whole* plantation at a price to be agreed upon, and to immediately sell back to the said parties their "*respective interests* for a price equal to (their) *respective indebtedness,* * * * *said price* to be payable in three equal instalments, maturing respectively at one, two and three years, with interest at 8 per cent. from date."

That because he had, in fact, purchased the interest of Mrs. Broussard at execution sale in his own executory proceedings against her, the terms of said agreement were not in force, and he was entitled to foreclose the plaintiff herein, and other signers thereof. We held that his contention was erroneous, and maintained the agreement on the ground that the signers of the agreement joined Abraham in the proposed partition suit, in which a final judgment was rendered, under which the defendant could have purchased; and the fact that he had really expropriated the interest of Mrs. Broussard under his executory proceedings made no practical difference, as the same object was attained and the relative positions of the parties maintained. It was on this theory that we perpetuated the plaintiff's injunction. In that suit there was no reference made to the acts herein enjoined.

Having stated the ground of contention in the former case, and the grounds of plaintiff's injunction in this, we are called upon to consider the rulings of the judge below in rejecting certain evidence offered by the plaintiff for the purpose of identifying the two transactions, and which are set out in three bills of exception reserved by plaintiff's counsel—the result of which rulings was the rejection of plaintiff's demands and the dissolution of his injunction.

The *first* bill of exceptions relates to the rejection of the agree-

ment of September 12, 1888, to the introduction of which in evidence defendant's counsel objected, on the grounds (1) that no evidence of an agreement to grant time of date *prior* to the date of the note and mortgage sought to be foreclosed is admissible to vary or contradict the same in the absence of allegation of fraud or error in the execution thereof; (2) that an agreement relied upon to support an injunction granted without bond can not be admitted in evidence if it is *anterior* in date to the act enjoined.

Primarily, the act of mortgage imparts complete verity, it being authentic in form. Its object, apparently, was to secure the payment of the note which is therein described as maturing on the *"first day of January, 1890, unconditionally."* The paraphed note, which is annexed to the executory proceedings, is of the same tenor and effect. The date of the note and mortgage is June 14, 1889, and the notary's paraph is of same date—more than nine months subsequent to the date of the agreement. In the absence of any allegation that this note and mortgage, which confessedly represent the balance *then* due by the plaintiff to Abraham, were executed in error on the part of plaintiff, or procured to be executed through the fraud of the defendant, and to the injury of the plaintiff, it is impossible to discover the admissibility of the rejected evidence, or what value could be given to it if it were admitted and considered as evidence.

The very gist of plaintiff's injunction is that Abraham is proceeding to foreclose his mortgage in the face of his agreement to give him one, two and three years' time; or, in other words, before the maturity of plaintiff's indebtedness. In effect the plaintiff's position is that the note and mortgage were to carry out and not to novate or extinguish the agreement of the 12th of September, 1888. He affirms this to have been *his* purpose and intention in executing the note and mortgage. If that be true, he was unfortunate in making himself a party to an act which so utterly failed to express such an intention and purpose. The plaintiff's petition fails to aver that the defendant was *aware* of such being his intention, or that he knew of such being his intention, and fraudulently procured its suppression or concealment.

On this ground *alone* we are of opinion the judge below should have rested his rejection of plaintiff's evidence. For on the second ground his ruling was erroneous, because the paper offered in evidence was the *identical* one that is referred to in plaintiff's petition.

If the allegation of the petition stated a cause of action, the proof corresponded therewith.

Whether the suit could be sustained on proof of the grounds alleged is a different question.

The *second* bill of exceptions relates to the rejection of certain conversations alleged to have taken place between plaintiff and defendant as to what was the purpose and object of the transaction and settlement between them, and which took the shape of the note and mortgage under consideration.

From what has just been said in passing on the first bill of exceptions, and our conclusion in reference thereto, it is clear that the proffered evidence was properly refused.

The *third* bill of exceptions relates to certain testimony in reference to defendant having granted time to the plaintiff *subsequently* to the execution of the note and mortgage. This testimony was objected to on two grounds: (1) That there was no allegation to that effect in the petition; and (2) the agreement of the 12th of September, 1888, having been rejected and not allowed to be introduced in evidence, no parol evidence relating to it, or the same subject matter, was admissible. These objections were correctly sustained on elementary principles of evidence.

In the absence of all evidence showing or tending to show that the act of mortgage and note were intended to consummate and carry out the agreement of September 12, 1888, and this object not appearing from an inspection of the acts themselves, it is manifest that the judge *a quo* had no other alternative than to make defendant's rule absolute and dissolve plaintiff's injunction.

In this court the defendant and appellee has filed an answer to the plaintiff's appeal and prayed for an allowance in his favor, as damages for a frivolous appeal. Inasmuch as the suit was not decided on evidence adduced, but judgment went in favor of defendant because of the rejection and disallowance of plaintiff's evidence, as to the correctness of which the plaintiff's counsel may have entertained doubts, we are of opinion that no damages should be awarded. The act of mortgage stipulates 5 per cent. attorney's fees, and the note bears 8 per cent. interest. That will suffice in this case.

Judgment affirmed.