BRUNOT, J.
This is a suit to cancel and revoke a sale from plaintiff to defendant of an undivided one-sixth interest in a certain oil and gas lease, on property situated in Claiborne parish, La.
The petition alleges that the sale was a simulation; that it was without consideration; that plaintiff did not sell, did not contract to sell, and did not intend to sell the property to defendant; and that defendant acquired no interest therein by reason of the sale. Plaintiff caused a notice of lis pendens to be recorded in the mortgage records of the parish.
Defendant excepted to the suit, alleging that the petition did not state a cause of action. The exception was overruled and a prayer for oyer was filed. The document called for in the prayer for oyer was produced, and defendant answered the suit. The answer reiterated defendant’s rights under the exception, denied that the sale was a simulation, and alleged that the act of transfer was a bona fide sale, made in authentic form, and for value, and that plaintiff was estopped from disputing its recitals. Thereafter the defendant died, her heirs were made parties to the suit, and plaintiff filed a supplemental' petition alleging fraud and error, in general terms, and that the sale at most was merely intended as a security contract. The defendants moved for an order requiring plaintiff to elect as to the ground upon which the sale was sought to be annulled, whether as a simulation, a mortgage, or for fraud and error. This motion was overruled, whereupon defendants filed a second exception alleging that neither did the original nor the supplemental petition disclose a cause of action. This exception was also overruled, the case was tried and the lower court rendered judgment, in favor of the defendants, rejecting plaintiff’s demand, dismissing the suit and ordering the notice of lis pendens canceled and erased from the mortgage records. From this judgment plaintiff has appealed. In his reasons for judgment the district judge says:
“This is a-suit in which the plaintiff, an attorney at law, seeks to recover from his client a certain interest in oil properties as his fee. * * * He contends that he was to receive such an interest as his fee. His client, Miss Triehelle, contends that there was no such *980 agreement, and that he received payment for his services in' cash as they were performed. Each of the parties come before the court the auction sale; and it makes admissible the evidence that at the auction sale the aucwith reputation supposed to be 100 per cent, honest. Their testimony is directly opposed to each other. One swears positively to one state of facts; one positively to the other state of facts. Without measuring the veracity of either party, under the law the burden of proof is upon the ‘ plaintiff. He has failed to discharge that burden of proof.”
The record discloses that Miss Trichelle employed the plaintiff to transact certain legal business for her. She held, as trustee, the title to a one-sixth interest in the oil, gas and other minerals on and under what is known as the Baucum lease, in Claiborne parish. She executed a mineral sale thereof to plaintiff, the consideration stated in the deed being $10 in cash, and other valuable consideration. Eight days later plaintiff executed a similar sale and conveyed the same property to Mrs. M. R. James, for $1,000 in cash. The plaintiff is now seeking to annul this sale. The petition does not allege fraud on the part of Mrs. James, or her heirs, nor does it contain any specific charge of fraud at all; and neither in the original nor supplemental petition, nor in the prayers thereof, does plaintiff assert any title or interest in this property in himself. A simulation is alleged, but no counter letter is pleaded.
The original petition is therefore defective and does not státe a cause of action, because it does not allege fraud or error; it does not plead a counter letter, and it does not assert any title or interest in the property in the plaintiff. Defendants’ exception of no cause of action should have been sustained and the suit dismissed.
The supplemental petition did not cure the defects in the original petition. The supplemental petition was filed after the death of Mrs. James in order to make proper parties to the suit. It affirms all of the allegations of the original petition, it alleges want of consideration, and it pleads error and fraud in a general way, but it does not charge Mrs. James or her heirs with fraud, and it does not assert any title in the plaintiff to the property involved or that plaintiff has any interest therein.
It is our opinion that plaintiff has failed to plead a cause of action in either petition.
“To admit parol evidence to contradict a written act there must be an explicit averment of the error, fraud or ambiguity.” Vial v. Moll, 37 La. Ann. 203; Dwight v. Kemper, 8 La. Ann. 452; Bogan v. Calhoun, 19 La. Ann. 472; Berry v. Marshall, 23 La. Ann. 244; Bank v. Dunn, 6 Pet. 57, 8 L. Ed. 316; Tenney v. Abraham, 43 La. Ann. 240, 9 South. 40; Eugene Dietzgen Co. v. Kokosky, 113 La. 454, 37 South. 24, 66 L. R. A. 503.
As between the parties to a public act, it is the settled jurisprudence of this state that parol testimony is not admissible to show simulation. Simulation admits of no other proof between the parties to a contract than a counter letter or something equivalent thereto. Rawle v. Hennessey, 6 Mart. (N. S.) 206; Michoud v. Lacroix, 8 Mart. (N. S.) 445; Delahoussaye v. Davis, 19 La. 409; Hebert v. Lege, 29 La. Ann. 511; Anderson v. Benham, 40 La. Ann. 336, 4 South. 454.
The Hebert v. Lege Case is cited approvingly in Drumm v. Kleinman, 31 La. Ann. 126; Succession of Ames, 33 La. Ann. 1325; Dejan v. Schaeffer, 40 La. Ann. 445, 4 South. 89; and Gugel v. Carson, 133 La. 92, 62 South. 485.
“An action can only be brought by one having a real and actual interest, which he pursues, but as soon as that interest arises he may bring his action.” Article 15, C. P.
For the reasons stated, and basing our conclusions upon the authorities cited, the exceptions of no cause of action filed in the lower court should have been sustained and the suit dismissed, but, inasmuch as the de *982 cree of that court rejects plaintiff’s demands and dismisses his suit, the decree as rendered is correct, and it is therefore affirmed at appellant’s cost.
Rehearing refused by Division C, composed of OVERTON, ST. PAUL, and THOMPSON, JJ.