The plaintiff alleges that, on November 8, 1930, Benson H. Lyons conveyed to her 80 acres of land in Vernon Parish for a consideration of $1,200 which she paid in cash; that her deed to said property was recorded on September 11, 1934, but before she had her deed recorded, the said Lyons conveyed said property to his grandson, Benson Lyons Palmer, by deed dated June 24, 1934, and recorded the same day in the conveyance records of Vernon Parish, and said Palmer is claiming said property under said deed and has taken actual possession thereof, thereby evicting the plaintiff therefrom.
It is further alleged that said Lyons died in October, 1934, and his widow, Mrs. Lula Lyons and his sole heir, Mrs. Maggie Lyons Waters, accepted his succession and were put in full possession thereof in January, 1935, as surviving widow in community and sole heir respectively in the proportion of an undivided one-half each; that the warranty deed from said Lyons to her was passed during the existence of the community between said Lyons and his surviving widow, and, as the title made to her has been defeated and made worthless because of the transfer of the property by Lyons to said Palmer before her deed was recorded, she seeks to recover in this suit from the widow and heir jointly the amount which she claims to have paid the deceased Lyons for the property, plus attorneys fees of $300. She further avers that at the time she acquired the deed from said Lyons to said property, she was the wife of W.K. McKinney from whom she secured a divorce in March, 1934, and in the settlement of the community between herself and her former husband, she acquired all the right and interest which her husband had in the said community.
Several motions, exceptions and pleas were filed by the two defendants, but it is only necessary to mention two of these exceptions and a plea of estoppel, as these seem to be the only exceptions and pleas on which defendants have placed any stress in this court. Mrs. Waters filed an exception to the jurisdiction of the court of Vernon Parish, ratione personae, on the ground that, as alleged in the petition, she is a resident of Caddo Parish. This exception was overruled. Mrs. Lyons filed pleas of one, three and five years prescription, and it was later agreed that this same plea was also to apply to Mrs. Waters. A plea of estoppel was urged separately and in the answers of the defendants. This plea will be discussed in connection with the merits of the case.
Before filing answer, the defendants propounded interrogatories on facts and articles to plaintiff, which, after considerable controversy as to the procedure taken, were answered by the plaintiff. The defendants then filed separate answers (being represented by different counsel) but their answers set up practically the same defense, which, in substance, is as follows:
They admit that their deceased husband and father made a deed to the property in question to Benson Lyons Palmer, but deny that he ever made, or intended to make, any deed to the plaintiff for said property, and if he did make any deed to her, it was without any consideration whatever and was a simulation, pure and simple; they allege *Page 366 
that plaintiff never took or held possession of said property under any purported deed from said Lyons, but that Lyons continued to possess said property, rent same and pay taxes thereon, until he conveyed it to said Benson Lyons Palmer, since which time the latter has owned and possessed said property.
It is further alleged that plaintiff never made any demand on the deceased Lyons from the time she claims to have secured a title to said property from him until his death nearly four years later either for possession of the property or for a restitution of any of the consideration which she claims to have paid therefor; nor did she make any demand on said Benson Lyons Palmer for possession of said property, although he has been in the actual possession thereof from the time he acquired the title thereto; that she never made any demands on defendants as the surviving widow and sole heir of said Lyons either for the possession of the property or the restitution of the alleged purchase price until this suit was filed in December, 1938, more than eight years after she claims to have purchased the property, more than six years after Lyons conveyed the property to Palmer and more than four years after the death of her alleged vendor, Lyons.
There was judgment in favor of the plaintiff and against the defendants for $1,200, the recited consideration in the deed. The claim for attorney's fees was rejected, and that part of the claim has been abandoned. Both defendants have appealed.
 Exception To The Jurisdiction
We find no merit in the exception filed by Mrs. Waters to the jurisdiction of the court of Vernon Parish on the ground that she is a resident of Caddo Parish. Her codefendant, Mrs. Lyons, is admitted to be a resident of Vernon Parish. The purpose of the suit is to recover from these two defendants a sum of money for which it is alleged that they are jointly liable. Obviously, if there is any liability, it is a joint one, each defendant being liable for one half the amount. Article 165, par. 6, of the Code of Practice, provides that "when the defendants are joint or solidary obligors, they may be cited at the domicil of any one of them." This exception was properly overruled.
 Plea of Prescription
The basis of this action is to recover from these two defendants jointly the price which the plaintiff claims to have paid the husband and father of the defendants for a tract of land conveyed to her by the deceased, because of the fact that she was deprived of the property by reason of the wrongful act of the deceased in transferring the same property to another before she had recorded her deed. The action is for a restitution of the price on account of the loss of the totality of the thing alleged to have been purchased under a warranty of title. C.C. art. 2506. The action is not one sounding in tort for damages on account of an offense or quasi offense and prescribed in one year, but the action is a personal one prescribed in ten years under Article3544 of the Civil Code. See Gaty, McCune Co. v. Babers, 32 La.Ann. 1091. This plea has no merit and is hereby overruled.
 On The Merits
The plaintiff introduced in evidence in support of her demand the deed from Lyons to her, dated November 8, 1930, and recorded in September, 1934; the deed from Lyons to Palmer covering the same land, dated June 23, 1932, and filed for record on the same day; an act of release from plaintiff's former husband renouncing and relinquishing any and all interest that he had in the former community unto the plaintiff; and also offered the interrogatories on facts and articles propounded to the plaintiff by the defendants and her answers thereto. Objection was made by defendants to the offering of the release to plaintiff by her former husband of his interest in the former community existing between them on the ground that the release did not specifically transfer to the plaintiff the particular right to bring this suit to recover the price of the land claimed to have been purchased from Lyons in the name of plaintiff during her former marriage to McKinney. Our opinion is that this act of release or transfer from McKinney to his former wife, while not specifying this particular claim and executed after the suit was filed, has the effect of authorizing plaintiff to assert this claim and recover any interest that the former community might have had, as McKinney by this act has divested himself of any interest in the claim and would be estopped from asserting any interest in it as against *Page 367 
these defendants. There was some other oral evidence offered by plaintiff which we do not consider has any material or probative value on the issues in the case.
The defendants offered the testimony of McKinney, plaintiff's former husband, taken out of court, de bene esse, but this offering was objected to on several grounds, one alone of which was sufficient to exclude it, i.e., no rule had been taken on plaintiff or her counsel and no order of court had been obtained for taking the testimony as required by Act No. 143 of 1934. The court admitted the deposition subject to the objection. We find this deposition in the record, but it cannot be considered as it was improperly admitted. Realizing that this deposition was probably not admissible, counsel for defendants asked the court to re-open the case before a judgment had been rendered in order that the deposition of this witness might be taken again, and, after a hearing on a rule to this effect, the court granted defendants this permission. We are informed by the briefs that the deposition of this witness was again taken and offered in evidence, and objection was again made to its admission on account of some irregularity in taking the deposition. The objection was sustained and the deposition excluded and it forms no part of the present record. We are asked by counsel for defendants to remand the case or have this deposition sent up in order that this court may determine its admissibility, if we find the evidence insufficient to decide the case.
About the only other evidence offered by the defendants was a statement made by Lyons just prior to his death to his attorney and physician at a time when he realized that he could not live much longer. This statement was in response to a question asked the deceased by his counsel as to whether or not the plaintiff had paid any part of the consideration in the deed which he had made to her almost four years previous and which deed had just been recorded, to which question the deceased replied that not a dime had been paid. Counsel for plaintiff objected to this evidence on the ground that it was an attempt to disprove by parol a written deed; that it was hearsay; that it was the self-serving declaration of a person deceased.
We think this evidence was inadmissible. In the first place, the deceased Lyons could not have been heard, had he been living, to testify that he did not receive the consideration recited in the deed which he signed and which, as to him, had the effect of an authentic act. Article 2237 of the Civil Code abolishes the exception of non numerata pecunia and forbids the grantor who acknowledges the receipt of a specific amount as the consideration of a sale from denying that he received the consideration and from claiming that the transfer was a pure simulation, without alleging fraud, error or mistake. Massey v. James, 155 La. 977, 99 So. 718. Obviously, if Lyons could not himself be heard while living to say that he did not receive the consideration recited in the deed, a statement made by him to a third party to the same effect prior to his death would likewise be inadmissible.
And in the second place, the statement was a self-serving declaration of a deceased person and not a declaration against interest. It therefore formed no exception to the hearsay rule. Winter v. Gani, La.App., 199 So. 600.
As we have come to the conclusion that a consideration of the evidence offered by the plaintiff justifies a reversal of the judgment and the dismissal of her demands, it will not be necessary to remand the case to enable the defendants to take the testimony of McKinney.
The plaintiff did not appear in person and testify in the case, and for that reason counsel for defendants did not have the opportunity of cross-examining her on many matters of importance which no doubt would have shed some light on a transaction which, at best, can only be viewed with suspicion. She admitted in her answers to the interrogatories propounded to her by the defendants that Lyons continued in possession of the property after he made her a deed to it until he conveyed it to Palmer; that during this time — almost two years — Lyons rented the property, collected the rent, paid taxes and had exclusive possession of it; that she knew when Lyons made the deed to Palmer and the latter took possession of the property; that she was then living in the same vicinity and made no demands on any one for possession of the property. She admits that she never mentioned to her husband that she had purchased this property from Lyons, although she and her husband were then living together and continued to live together for almost two years thereafter. She admits that after she learned that Lyons had *Page 368 
conveyed the property to Palmer that she made no demand on him prior to his death for a return of the $1,200, neither did she make any such demand on the widow and heir after his death. In fact, she made no claim whatever against anyone until she filed this suit in 1938, many years after all these things had transpired to her full knowledge.
While she says that she has a reason for not making a claim against Lyons before his death and a reason for not informing defendants of her claim before she filed this suit, she does not attempt to give any explanation of her rather unusual actions in these respects. While her conduct in these respects does not create an absolute estoppel against her or bar her claim, it does cast a great deal of doubt and suspicion on her belated claim.
Where a vendor retains possession of an immovable after making a deed to another and continues to exercise acts of ownership over the property with no recognition of ownership in the one to whom the title has been made, there is reason to presume that the sale is simulated, and with respect to third persons and forced heirs, the person to whom the title was made must produce proof that the sale was made in good faith and establish the reality of the sale. Civil Code, arts. 1921 and 2480; Cole v. Cole, 39 La.Ann. 878, 2 So. 794.
The plaintiff in this case, seeking to recover the amount which she claims to have paid for property to which Lyons made her a title, but of which he retained the possession and over which he continued to exercise the indicia of ownership, bears the burden of proving that she actually paid the consideration and that the sale was a reality and not a simulation. This she has failed to do.
While plaintiff stated in her answers to the interrogatories that she paid for this property while working for Lyons in a store and collecting rents for him on some of his houses; that he deducted from her salary each month and paid for the property in that manner, her answers are very brief and lacking in many important facts and details. She does not say how long she worked, when she worked, how much was paid or deducted each month, nor does she state what her purpose was in buying this property, particularly in view of the fact that she never made any effort to use it as a home after she claims to have bought it and never told her husband that she bought the property and paid for it monthly.
All of these facts and circumstances, coupled with the staleness of her claim, and her unusual conduct in failing to record the deed for nearly four years after its execution and her apparent effort to withhold much vital information relative to this transaction, instead of lending support to the reality of the sale, convinces us of its unreality and simulation.
Stale claims, long withheld from presentation or prosecution, are regarded with disfavor, and the proof to support such claims must be more persuasive and conclusive than in ordinary circumstances. Bodenheimer v. Bodenheimer, 35 La.Ann. 1005.
For the reasons assigned, it is ordered that the judgment appealed from be and the same is hereby annulled, avoided and reversed, and it is now ordered that the demands of the plaintiff be and the same are hereby rejected, and her suit is hereby dismissed.