CULPEPPER, Judge.
This is a suit to annul, on the grounds of fraud and error, the sale of a house and lot located in the city of Natchitoches, Louisiana. By reconventional demand, defendant prayed that plaintiff be evicted from the premises for failure to pay rent. From a judgment denying plaintiff’s demands and granting defendant’s reconventional demand for eviction, the plaintiff now prosecutes this appeal.
The principal issue is plaintiff’s contention that when he signed the said act of sale to the defendant Moore, he thought he was signing a mortgage to the Peoples Bank & Trust Company and that this error on plaintiff’s part was caused by the fraudulent representations of the defendant Moore.
The record shows that plaintiff and defendant Moore were close friends. Plaintiff was having matrimonial difficulties. He and his wife owned the subject property in Natchitoches, subject to a mortgage in favor of Exchange Bank of Natchitoches, on which they owed approximately $1,100. It is the contention of the plaintiff that he was advised by Moore to change the mortgage on his property from the Exchange Bank to the Peoples Bank & Trust Company, in order to avoid having to pay plaintiff’s wife for her community interest in the property. Plaintiff testified he finally agreed to follow Moore’s advice and that he understood the instrument which he signed was a new mortgage to the Peoples Bank & Trust Company for the sum of $1,500 to be paid in monthly installments of $40. Plaintiff admits that the said sum of $1,500 was disbursed by paying the existing mortgage to Exchange Bank and the remainder to plaintiff but contends that these were the only funds received by him as a result of this transaction.
On the other hand, the defendant Moore testified that plaintiff offered to sell him the said property for the sum of $2,500 in order to avoid having to pay plaintiff’s wife for her community interest. Moore testified that he agreed to buy the property and made arrangements with Peoples Bank & Trust Company to borrow from them the sum of $1,500; that he had on hand $100 and bor *671 rowed the remaining $900 from a Mr. A. A. Ragan; that pursuant to these arrangements the Peoples Bank & Trust Company-had its attorney examine the title and prepare an act of sale and mortgage of said property for a recited consideration of $2,-500. A certified copy' of the said instrument filed in evidence shows that it was signed on February 16, 1957. The $1,500 obtained from the Peoples Bank & Trust Company was disbursed by paying off the existing mortgage to the Exchange Bank, as well as certain other small indebtedness-es of the plaintiff, and the remainder was given to plaintiff. Defendant testified positively that the remaining $1,000 of the $2,-500 consideration was handed to the plaintiff in cash at the store of Mr. A. A. Ragan in Clarence, Louisiana. Plaintiff categorically denies having received any money whatsoever from defendant at said store of Mr. Ragan and actually denies that he was in this store.
We, like the trial judge, are of the opinion that this conflict in the testimony of plaintiff and defendant must be resolved in defendant’s favor because of the corroborating testimony of two disinterested witnesses for defendant. One of these witnesses is Mr. Pat Willis, then vice president of the Peoples Bank, who testified that he handled the transaction in question, that both plaintiff and defendant Moore were present at the time the act of sale and mortgage was signed and that the transaction was explained in full and was understood by the plaintiff to be a sale of his property to the defendant Moore. The other witness is Mr. A. A. Ragan, a merchant, ginner and planter of Clarence, Louisiana, who testified that about the date of the sale in question the plaintiff and defendant both came to Mr. Ragan’s store at Clarence where Mr. Ragan completed a loan of approximately $600 to Moore, who in turn, and in Mr. Ragan’s presence, counted the money out in cash and handed it to the plaintiff. As our learned brother below has aptly stated in a well considered written opinion, “The testimony of these two witnesses, in the opinion of this Court, seals the fate of the plaintiff’s lawsuit.”
Citing L.S.A.-C.C. Articles 1921 and 2480, counsel for the plaintiff contends in his brief filed in this Court: “The law seems to be clear that when one gives a deed to immovable property, but continues in possession of it that it creates a presumption of fraud or simulation.” Calling our attention to the fact that after the sale to Moore, plaintiff remained in possession of the premises, plaintiff argues that under the above cited Codal Articles, simulation and fraud are presumed. He contends the defendant has not rebutted this presumption.
This argument has no merit for several reasons. As a matter of law, we agree with the trial judge that L.S.A.-C.C. Articles 1921 and 2480 have no application to the instant case because it does not involve a third party to the transaction in question. The purpose of these articles is to protect third parties such as creditors or heirs who might be injured by a fraudulent or simulated sale. The presumptions of fraud established by Article 1921 and of simulation established by Article 2480 apply only where a third party is attacking the sale. As between the parties to a sale, no presumption of fraud or simulation arises from the fact that the seller remains in possession. Hebert v. Lege, 29 La.Ann. 511; Massey v. James, 155 La. 977, 99 So. 718; Thomas B. Lemann, Some Aspects of Simulation in France and Louisiana, 29 Tulane Law Review 22 (1954).
Furthermore, although plaintiff mentions “simulation” and cites cases dealing with simulated sales, we do not believe it can be seriously argued that the sale in this case was simulated. Plaintiff admittedly received $1,500 at the time the deed was signed. As stated above, the evidence shows he also received at least $350 more in Mr. Ragan’s store. There being consideration, the sale was not simulated. Citizens’ Bank & Trust Co. v. Willis, 183 La. 127, 162 So. 822; Dare v. Myrick, 226 La. 732, 77 So.2d 21.
*672 As regards plaintiff’s principal contention, that the sale is void for fraud •and error, it is our opinion, for the reasons stated above, that the burden of proof rested on the plaintiff. The law is well settled that one who alleges fraud has the burden •of establishing it by legal and convincing •evidence. Sanders v. Sanders, 222 La. 233, 62 So.2d 284. Under the evidence which we have discussed above, plaintiff has clearly failed to sustain this burden. Actually, the evidence shows by a preponderance that 'there was no fraud or error and that this was a bona fide sale of immovable property by Wilson to Moore.
For reasons assigned, the judgment appealed is affirmed. All costs of this appeal are assessed against the plaintiff appellant.
Affirmed.