DIXON, Judge.
This case was previously before us, when we reversed a motion for summary judgment in favor of the plaintiff and remanded the case for trial (see 229 So.2d 197).
Defendant now appeals from a judgment rendered after trial which decreed certain conveyances to be simulations and null and void. Two of the instruments were executed by the plaintiff, George W. Wise, to the defendant, Jake Wise Johnson. One was dated April 14, 1962 and recorded in Book 110, page 428 of the Conveyance Records of Red River Parish, Louisiana, covering what has been referred to in the trial as the “home place.” The other deed executed by the plaintiff to the defendant was dated May 7, 1963 and recorded in Book 112, page 412 of the Conveyance Records of Red River Parish, covering a tract of land adjoining the home place. *535 The judgment appealed from further, in response to an alternative reconventional demand by the defendant, found to be a simulation and therefore null and void (insofar as the interest conveyed by Jake Wise Johnson) a deed executed by the defendant, Jake Wise Johnson and others, to George W. Wise, recorded on October 23, 1961 in Conveyance Book 109, page 524, Red River Parish, covering an undivided interest in property occupied by “George Wise Variety Store.”
Plaintiff treats his case as a suit to have two deeds executed by him and others, purportedly conveying land to his sister, the defendant, Jake Wise Johnson, set aside as simulations. Each deed recites a cash consideration of $1000.00. Written interrogatories were propounded by the plaintiff to the defendant.
The interrogatories propounded to the defendant asked: “Is it a fact that you did not pay any cash at all for the said property? If your answer * * * is no, please state how much you paid for the property and in what manner and to whom was it paid.”
In answer to the interrogatories, defendant admitted that the recited sum of $1000.00 was not paid, but that the consideration for the transfer from George and others to Jake was the prior conveyance by Jake to George of her undivided interest in the George Wise Variety Store property.
Fairly construed, the answer of Jake Wise Johnson denies that the instruments under attack were simulations and not supported by consideration. To the contrary, appellant’s answers to interrogatories disclose her contention that there was a consideration different from that expressed in the instruments. That consideration, according to appellant, was the prior execution by the appellant, Jake Wise Johnson, to her brother, the plaintiff-appellee, George W. Wise, of her undivided interest in the variety store property.
In the trial court and before us, appellee argues that it is true that appellant conveyed to him her interest in the department store property as part of an arrangement to adjust the title to certain commonly owned tracts of land so that each — appellant and appellee — would become the sole record owner of an entire tract of land. Appellee’s position is that he was to be the record owner of the variety store property and the appellant was to be the record owner of the “home place.”
Although appellee’s position is that he conveyed his undivided interest to appellant in furtherance of the arrangement under which appellant conveyed her undivided interest in the store building property to him, he contends that this is only a part of the arrangement. The balance of the arrangement, he claims, was that, as between the parties, these transactions were fictitious, and that each vendor was, in truth and fact, to remain the owner of the undivided interest conveyed. At some time in the future, according to appellee, it was contemplated that deeds would be executed to place the parties in the condition they were in before the conveyances.
These contentions are not admitted by the appellant, Jake Wise Johnson, either in her answers to interrogatories or in her sworn testimony. Parol evidence was admitted on the trial of the case to determine the true nature of the transactions. The trial court, in an oral opinion at the conclusion of the trial, found that there was a disparity in the value of the pieces of property conveyed and that the transaction was “for the convenience of the parties, with the purpose of financing their own individual interests.” The trial court commented on the testimony of Mrs. Stanfill, the mother of the plaintiff and defendant, who characterized the transaction “as a loan of the property.” The trial court concluded that it was not the intention of the appellee and the appellant to make a permanent transfer of the property, and rendered judgment setting aside the transfers.
Parol evidence should not have been admitted to enable the plaintiff to *536 prove that the conveyances under attack were simulations. In Massey v. James, 155 La. 977, 99 So. 718, it was said, at 99 So. 719:
“As between the parties to a public act, it is the settled jurisprudence of this state that parol testimony is not admissible to show simulation. Simulation admits of no other proof between the parties to a contract than a counter letter or something equivalent thereto.”
The Massey case, along with others, was cited in a comment in 17 Tul.L.Rev. 469, where the author summarized the jurisprudence :
“In those cases where it is sought to set aside the sale of immovable property on the ground that the sale was simulated, the parties to the transaction cannot introduce parol evidence to prove the simulation in the absence of a charge of fraud or error. The only way in which the parties to the transaction may prove the simulation is by means of a counter letter or something equivalent thereto.”
The admissibility of parol evidence to annul an authentic act or to vary a recital of consideration is the frequent subject of litigation and comments. See 29 Tul.L. Rev. 22, 21 La.L.Rev. 680, 14 La.L.Rev. 704 and 3 La.L.Rev. 427.
On the other hand, the defendant-appellant, attempting to sustain and to maintain the validity of an authentic conveyance, does not violate the parol evidence rule by showing that the true consideration for the transfers (the execution of deeds by each conveying undivided interests in different property to the others) is different from that expressed in the instruments. C.C. 1900; Citizens Bank & Trust Company v. Willis, 183 La. 127, 162 So. 822.
In the Citizens Bank & Trust Company case, the court held that nothing in C.C. 2276 [1] prohibited the introduction of testimony to show that the real consideration for a sale was not the $3000.00 cited in the deed, but an agreement by a son to support his mother.
If plaintiff’s case is one in which he is alleging an agreement with his sister, the defendant, that she would convey to him the interest he formerly owned in the “home place,” he is again prohibited from introducing parol evidence to show the agreement. Lawrence v. Claiborne, 215 La. 785, 41 So.2d 680; Marionneaux v. Edwards, 4 La.Ann. 103; see C.C. 2440.[2]
Therefore, the judgment of the district court is reversed, and there is now judgment in favor of the defendant, Jake Wise Johnson, and against the plaintiff, George W. Wise, rejecting his demands. Plaintiff-appellee is cast for all costs. The property affected by this judgment (C.C.P. 2089) is:
The house and lot formerly occupied by Mrs. Mattie Wilkinson and being the same property acquired by Dr. W. T. Wilkinson, Sr., from Jno. D. Wilkinson, et al, as per deed recorded in Conveyance Book “Y”, page 622, less portion traded to T. M. Ar-mistead, which property is described as follows, to-wit:
Beginning at a point on the East side of the public road leading from Coushatta to Ringgold, La. where said road crosses the North line of the J. C. Perrault Grant, run thence North with said road 17j4 degrees East 377 feet, thence South 14 degrees East 454 feet, run thence South 80 degrees *537 West with said Perrault Grant 600 feet to place of beginning, lying and situated in Southeast Quarter of Section 13, Township 12 North, Range 10 West, Red River Parish, Louisiana.
And beginning at said iron stob situated on the North line of the John C. Perrault Grant where the same intersects the South side of Ringgold Avenue, and run thence in the direction of Ringgold and on South side of Ringgold Avenue a distance of 18 feet, thence at right angles to said Ring-gold Avenue to the northwest corner of lot belonging to Miles Pylant, all for a place of beginning, and from said point of beginning run in an Easterly direction along the line, heretofore dividing the property of T. M. Armistead from that of Miles Pylant to the property of said Dr. W. T. Wilkinson, thence in a Westerly direction along the line of the said Perrault Grant North line to where the same will intersect the line drawn from the South side of Ringgold Avenue and 18 feet east of said iron stob and at right angles to Ringgold Avenue to the property of Miles Pylant, and this land so conveyed being a triangular parcel of land lying immediately in front of the property of Miles Pylant, and conveyed with all improvements thereon and appurtenances thereunto belonging, less and except therefrom the following described property deeded by Dr. W. T. Wilkinson to T. M. Armistead as per deed recorded in Conveyance Book 47, page 12, which is described as follows, to-wit:
Beginning at an iron stob situated on the North line of the John C. Perrault Grant where the same intersects the South side of Ringgold Avenue, sometimes called Ringgold Road, run thence in the direction of Ringgold and on said South side of Ringgold Avenue, a distance of 18 feet, thence at right angles to said Ringgold Avenue to the said North line of said Per-rault Grant, thence in a Westerly direction along said North line of Perrault Grant to said iron stob, and being a triangular parcel of land, together with all improvements thereon and appurtenances thereunto belonging.
A certain lot situated in the Town of Coushatta, Red River Parish, Louisiana, and being described as beginning at the Perrault Grant line at intersection of property of William Edenborn and J. A. Lein-decker, run thence South 32 degrees West 149 feet, thence North 58i/¿ degrees West 105 feet, thence North 3014 degrees East 55 feet to Perrault Grant line, thence with said Perrault Grant line North 80 degrees East 144 feet to place of beginning, and being all of the property acquired by L. W. Horton from O. B. Ferguson, and by O. B. Ferguson from D. C. Hubbard, and also being the same property purchased by M. H. Pylant from L. W. Horton on March 27, 1920, as recorded in Book 36, page 460, Conveyance Records of Red River Parish, Louisiana, and being the same property acquired by Mrs. Edwin H. Booth from M. H. Pylant, by deed executed December 2, 1938, and recorded in Book 61, page 489, Conveyance Records of Red River Parish, Louisiana.
That certain store house and lot now occupied by George Wise Variety Store and more particularly described in that deed from Ed Lisso & Company, Inc. to Mrs. Mattie Wilkinson, et al, as per deed recorded in Conveyance Book 51, page 214, which property is described as follows, to-wit:
A certain lot or tract of land with all improvements thereon, situated in the Town of Coushatta, Red River Parish, Louisiana, and described as follows: beginning at a point on Ringgold Avenue, of property formerly owned by the Red River Farmers Union Warehouse Company, Ltd., a distance of 66.82 feet from the right of way of the La. Ry. & Nav. Company; thence running parallel with said street a distance of 66.82 feet to right of way of said La. Ry. & Nav. Company, thence parallel with said right of way a distance of 123.42 feet; thence in a Westerly direction a distance *538 of 60.06 feet; thence in a Southwesterly-direction a distance of 104.16 feet; thence at an angle on a straight line to the point of beginning, and being a portion of the property purchased by the vendor from the Red River Farmers Union Warehouse Company, Ltd., and being the same property acquired by J. T. S. Thomas as per deed in Conveyance Book 40, page 444 of the official records of the Parish of Red River, Louisiana; and by Lisso & Company, Inc. from the said J. T. S. Thomas.

. “Neither shall parol evidence be admitted against or beyond what is contained in the acts, nor on what may have been said before, or at the time of making them, or since.”

. “All sales of immovable property shall be made by authentic act or under private signature.
“Except as provided in article 2275, every verbal sale of immovables shall be null, as well for third persons as for the contracting parties themselves, and the testimonial proof of it shall not be admitted,”