LAND, J.
This is a hypothecary action to enforce a judicial mortgage, resulting from the recordation of a judgment obtained by the plaintiff against W. E. McFarland in June, 1903.
W. E. McFarland purchased the two lots of ground in question in September, 1901, from Mrs. Mary Area, wife of E. M. Stebbins, for the price of $1,531, of which $1,000 was paid in cash and a note for $531 given for the balance. In May, 1903, McFarland mortgaged the lots and improvements thoeeon in favor of Henry Shambaugh to secure the payment of two promissory notes for the sum of $500 each.
IB June, 1903, plaintiff obtained his judgment against McFarland, which was inscribed in the mortgage booh of the parish on the 24th of the same month and year.
On the 7th of January, 1903, McFarland sold said lots to Henry Shambaugh for the price of $2,000, purporting to have been paid in cash.
On September 30, 1904, Henry Shambaugh donated the same property to his daughter, Adelaide Shambaugh, wife of W. E. McFarland.
It is admitted that the two special mortgages on the lots were canceled in full on the record on January 9, 1904.
The defendant Mrs. Shambaugh for answer pleaded the general issue, and set up a homestead exemption on the property, and called her author, Henry Shambaugh, in warranty. The, call was allowed, and Shambaugh for answer, after pleading a general denial, averred that the true consideration of the sale to him was his assumpsit of the special mortgages on the property and $374.74 *538 paid in cash, making the sum of $2,000, the price stated in the act.
The warrantor in his answer avers subrogation to the rights of the original mortgagees and a superior claim against the property to the amount of $1,625.26, paid by him in settlement of the mortgage notes. The original defendant filed an amended answer, in which she claims that she is subrogated to all the rights of the author of her title, called in warranty, and avers that Henry Shambaugh at the time he purchased the lots in question held a mortgage against the same amounting to $1,040, and also paid to Mrs. Area the sum of $585.05 in extinguishment of her vendor’s lien and privilege resting on the property. Defendant in her answer prayed that, in the event her homestead claim should be disallowed, she be paid by preference the sum of $1,625.26, representing the amount paid by her author in extinguishing the special mortgages, superior to the judicial mortgage asserted by plaintiff.
Depositions were taken to prove the facts alleged- in the answer of the warrantor and the amended answer of the defendant.
Plaintiff moved the court to rescind the order calling Henry Shambaugh in warranty and to dismiss him as a party to the proceedings, on the ground that the donation made to defendant was purely gratuitous and there was no obligation of warranty on the part of the donor.
This motion was sustained by the court and the call in warranty was rescinded, the answer of the warrantor stricken from the record, and Henry Shambaugh dismissed as a party to the suit.
There was judgment in favor of plaintiff, maintaining his hypothecary rights against the property, and the defendant appealed.
Shambaugh purchased the lots on January 7, 1904, but the deed was not filed for record until January 9, 1904, and on the same day the special mortgages were canceled, leaving plaintiff’s judicial mortgage as the only one of record against the property. The donation was made subject to this judicial mortgage, and the property passed to the donee “with all its charges.” Oiv. Code, art. 1551.
The parol evidence offered by defendant to show that the sale from McFarland to Shambaugh was not made in cash, as recited in the deed, but that the true consideration was the assumpsit by the purchaser of the two special mortgages and a small sum paid in money, was objected to by plaintiff’s counsel. The evidence was received subject to the objection, and was practically ruled out in the decision of the case. Under the decision of this court in Chaffe v. Ludeling, 34 La. Ann. 967, the evidence was not admissible. In that ease the deed récited that the price was paid in cash, and the third possessor sought to prove that the real consideration was the assumpsit and payment by the purchaser of a large amount of taxes on the property. In the same case the court said:
“This price was the money of the vendor, Mrs. Warfield, and, if it was employed in the payment of taxes, those taxes were paid and extinguished with her money, and gave rise to no rights in favor of her vendee or defendant. This was precisely and pointedly decided in Serapurn v. La Croix, 1 La. 373.”
We also concur in the doctrine announced in Chaffe v. Ludeling, supra, that where mortgages or privileges have been extinguished they no longer stand in the way of a judicial mortgage, which they once ranked on the record. In the case at bar the special mortgages were extinguished by payment and confusion and were canceled on the record by the voluntary act of the purchaser, who surely could not hold them against his own property. The eases cited by defendants’ counsel where mortgages had been paid by sales, which were subsequently annulled, have no application.
We can see no possible basis for the claim *539 of homestead. The property passed from McFarland to the purchaser burdened with the judicial mortgages inscribed against the vendor. Denis v. Gayle, 40 La. Ann. 286, 4 South. 3. Where the owner of a homestead sells the same, dormant judgments against the debtor are revived, and will, if duly recorded, follow the property into the hands of the vendee. Where the vendor repurchases the homestead, the exemption does not revive. Herbert v. Mayer, 42 La. Ann. 839, 8 South. 590. If it were possible for the defendant, a married woman, to have acquired a homestead on the property, she necessarily would have taken it subject to plaintiff’s prior judicial mortgage.
Judgment affirmed.