## DEPAULA & DISTEFANO v. COSTANZA et al.

### No. 1632.

Court of Appeal of Louisiana. First Circuit.

Oct. 7, 1936.

Leon Ford, Jr., of Hammond, for appellants.

A. B. Pierson, of Ponchatoula, for appellees.

DORE, Judge.

On February 9, 1934, the plaintiff secured a judgment against the defendant Russell Costanza for $624.84, interest, attorney's fees, and costs. This judgment was duly recorded in the mortgage records of Tangipahoa parish.

The present suit is to set aside a transfer or relinquishment by defendant Russell S. Costanza to his father and mother, Goe Costanza and Theresa Mancuso Costanza, on July 12, 1933, wherein said Russell S. Costanza transferred and relinquished unto his said father and mother 10 acres of land with improvements thereon. He alleges, and the proof shows, that when this act of transfer and relinquishment was made, the debt due by defendant Russell S. Costanza to the plaintiff firm had matured and plaintiff was about to enter suit thereon. The father and mother knew that the debt was due when the transfer was made. It is also alleged and proved that the property involved in the transfer was all the property owned by the debtor.

The act of transfer or relinquishment sought to be set aside in this action is in the form of a release and relinquishment, wherein said Russell S. Costanza states that the property described in the act had been conveyed by said father and mother to Russell S. Costanza, on July 2, 1928, by an act under private signature for a recited cash consideration of $500; that as a matter of fact said transfer to him by his father and mother was a donation and no money was paid or intended to be paid; that the mother, Theresa Mancuso Costanza, was not present when said act was drawn and did not sign same or make her mark thereto. In this act now under attack the defendant Russell S. Costanza stated that he did thereby revoke and cancel said transfer of said property to him by his father and mother on July 2, 1928, and released, reconveyed, and retransferred said property to his said father, Goe Costanza.

An exception of no cause of action was filed by all three defendants, which was overruled. Defendants answered admitting the transfers, but they alleged that the transfer by the father and mother on July 2, 1928, to the defendant Russell S. Costanza, was in fact a donation full known to all parties, but that, through an oversight of the notary who drew the act, he declared same to be a sale for a consideration of $500 cash; that no consideration was paid, and therefore the defendants had a right to revoke and cancel said act of transfer as they did in the act of July 12, 1933, which is sought to be set aside in this suit. Judgment was rendered in favor of defendants, dismissing the suit, from which judgment plaintiffs have appealed.

Objection was made to the introduction of evidence attempting to show that the act of sale from Goe Costanza and his wife to Russell S. Costanza on July 2, 1928, was in fact a donation and no consideration was paid therefor, although the deed recites a cash consideration of $500. This testimony was clearly inadmissible. In the absence of allegations of fraud, error, or mistake, as between parties to a public act, parol testimony is not admissible to show that a sale of property for a recited cash consideration is a simulation or donation. Civ.Code, art. 2276; Massey v. James, 155 La. 977, 99 So. 718; Maskrey v. Johnson et al., 122 La. 791, 48 So. 266; Abbeville Rice Mill, Ltd., v. Shambaugh et al., 115 La. 1047, 40 So. 453.

While defendants allege that the notary made a mistake in putting the act in the form of a sale rather than as a donation, yet no allegation is made or proof offered that Goe Costanza, the owner of the property, made any mistake or was led into any error in signing the act of sale on July 2, 1928. This act of sale was regular on its face and had the effect, at least as to third parties, of placing the title to the property in Russell S. Costanza on July 2, 1928. It was not necessary that his wife, Theresa M. Costanza, sign the act, as the deed shows that Goe Costanza acquired the property from H. G. Hungate and Goe Costanza is the vendor in the act of sale.

The defendant Russell S. Costanza was the record owner of the property when the debt due by him to plaintiff matured. Plaintiff as creditors of Russell S. Costanza

have a right to set aside and cancel the attempted retrocession and retransfer of the property owned by their debtor to Goe Costanza on July 12, 1933.

All of the essentials of the revocatory action are present in this case: The insolvency of the debtor, the fraudulent transfer of his property, and injury to the creditor. All admit that the debtor had no other property. The act of retransfer from the debtor to his father and mother shows on its face that it was purely gratuitous. Under these circumstances, it is presumed to have been made in fraud of creditors. Civ.Code, art. 1980. In addition to that presumption, the facts justify the conclusion that the retransfer was made on the part of both parties for the purpose of avoiding the payment of the debt due plaintiffs.

For these reasons, the judgment of the lower court is hereby reversed, annulled, and set aside; and that there now be judgment herein in favor of the plaintiffs and against the said defendants Russell S. Costanza, Goe Costanza, and Theresa Mancuso Costanza, setting aside and revoking the attempted retransfer and relinquishment of that certain real estate described as "The Northeast Quarter of the Southwest Quarter of the Northeast Quarter of Section 21, Township 6, South, Range 7, East, containing ten acres, more or less, with all buildings and improvements thereon, situated in Tangipahoa Parish, Louisiana," by Russell S. Costanza to Goe Costanza, dated July 12, 1933, and recorded in Conveyance Book 134, p. 201, of the records of Tangipahoa parish; and that the said property to be the property of the said Russell S. Costanza, and as such subject to seizure and sale in satisfaction of plaintiffs' judgment; all at the costs of defendants herein.

Reversed and rendered.