In this suit the plaintiff seeks to have the Court decree a purported sale from D.W. Felder to Dennis Felder of a certain property he claims to be the owner of, to be simulated and therefore null and void, and further that he be recognized as the owner and placed in possession thereof. He asks also that the purported sale sought to be annulled be cancelled and erased from the conveyance records of the Parish of Livingston. The property involved is described as being "a certain tract or parcel of land in the Parish of Livingston, State of Louisiana, particularly designated and described as E. 1/2 of S.E. 1/4 of Sec. 48, T. 7 S.R. 3 E, said Parish and State, containing 84 acres more or less."
From the allegations of the petition it appears that on August 31, 1918, D.W. Felder executed a mortgage in favor of the Federal Land Bank of New Orleans in which he intended to and did grant a mortgage on certain property owned by him in Section 48 T. 7 S.R. 3 E. in Livingston Parish, and the only property which he did own in that section. In the act of mortgage the property was erroneously described as being in the N.E. 1/4 of the said section instead of the S.E. 1/4 thereof. It was foreclosed on as described however and was so acquired by the Federal Land Bank at the Sheriff's sale under foreclosure on October 26, 1935. It was then acquired by the plaintiff herein H.R. Reeves, from the Federal Land Bank, on April 13, 1937, again under the same erroneous description.
Subsequently, upon the error in the description being discovered, H.R. Reeves, the plaintiff in this proceeding who had acquired the property, together with his vendor, Federal Land Bank of New Orleans, instituted a suit against D.W. Felder to have the Sheriff's deed under foreclosure reformed and the description of the property therein adjudicated and transferred, corrected. Notice of lis pendens was filed in the mortgage records of the Parish and the suit was actively contested by the defendant therein, D.W. Felder.
On November 17, 1937, while the suit for reformation was still pending and was being defended by D.W. Felder, he appeared before a Notary Public in Livingston Parish and executed a deed covering the property under the correct description in favor of his son, Dennis Felder, the defendant in the present suit, which deed was not filed for record however until May 31, 1938.
On January 6, 1939, the district court rendered judgment in the pending suit for reformation ordering the description of the property to be corrected so as to make it appear that the property which had actually been mortgaged to and foreclosed by the Federal Land Bank, and later sold by it to the plaintiff, H.R. Reeves, consisted of 80 acres of land more or less, in the S.E. 1/4 of Section 48 instead of the N.E. 1/4 of said section as had been erroneously stated.
In the deed executed by D.W. Felder to his son Dennis Felder, the consideration is recited as being the sum of $100 cash. This deed and sale is attacked as being a simulation, pure and simple, for the following reasons: (1) That the defendant, Dennis Felder, had full and complete knowledge that his father had mortgaged this very property to the Federal Land Bank, it being the only property owned by him in that section; that he had full knowledge of the foreclosure proceedings had and of the adjudication of the property to the Federal Land Bank and that he had full knowledge of the acquisition of the property by the plaintiff from the Federal Land Bank as well as of the suit for reformation and correction of the description. (2) That he had full knowledge that the property purportedly acquired by him from his father *Page 690 
was the same one that his father had intended to mortgage to the Federal Land Bank and that he well knew that his father had no legal right to transfer the said property to him. (3) That he had full knowledge that his father had remained in possession of the property until a short time prior to the rendition of the judgment in which the Sheriff's deed under foreclosure was reformed and the description corrected. (4) That the stated consideration of $100 in the sale from his father to himself was either not paid at all, or, in the alternative, was in no way commensurate with the value of the property sold. Plaintiff further set out in his petition that the action of the said D.W. Felder and his son, Dennis Felder, in attempting to transfer the said property from the one to the other, as above set out, was in bad faith and was for the purpose of defrauding him and the Federal Land Bank, his author in title of their property.
The defendant first filed a motion to elect in which he contended that as plaintiff's petition contained allegations which related to a petitory action and to a suit for jactitation, he should be made to elect on which cause of action he intended to proceed. This motion was overruled and he then filed an exception of no cause or right of action, which was disposed of in the same manner. He then filed an answer in which he denied that the deed executed from his father to himself was a simulation and denied practically all of the allegations contained in the plaintiff's petition except those which had to be admitted. As a result of a trial of the case on the merits there was judgment in favor of the plaintiff sustaining his contention, decreeing the purported sale attacked to be a simulation, and therefore null and void, and ordering it to be cancelled and erased from the records of the Parish of Livingston, and that the plaintiff be recognized as the owner and placed in possession of the property under a proper and correct description designating it as being in the E. 1/2 of the S.E. 1/4 of Section 48 T. 7 S.R. 3 E. From that judgment, the defendant has appealed.
Defendant complains first of the ruling of the trial court on his motion to elect. The ruling is said to be erroneous because it is well settled that where a plaintiff's demand contains allegations necessary in both a petitory action and an action of jactitation, or slander of title, and refuses to elect as to which action he will pursue, his demand should be dismissed at his costs. That is undoubtedly true and would have been the proper ruling had the basis of the demand in this case been either of the two causes of action that are referred to, but unfortunately for the defendant, it partakes of the nature of neither. It is strictly a suit to set aside and to annul a purported act of sale of property on the ground that it is a simulation, pure and simple. The relief prayed for leaves no doubt as to the character of the action and whatever allegations may have been made in the petition have reference merely to that sort of action without regard to any other. The motion to elect was therefore properly overruled.
The next question is with reference to the overruling of the exception of no right or cause of action by the district judge. Under this exception the defendant contends that the deed itself having recited a consideration, and the petition containing an allegation that an actual consideration has been paid by the defendant, parole testimony is not admissible to show otherwise as a lack of consideration or an insufficient consideration can only be shown by a counter letter or by answer to interrogatories on facts and articles, or else again on allegations of fraud. All the propositions stated under this contention might have strong effect in an act of sale that is being contested by one of the parties who executed the same. That is the rule regarding parole testimony as provided for under Article 2276 of the Revised Civil Code. This is shown to be so in one of the very cases cited and relied upon by counsel for the defendant, Depaula Distefano v. Costanza et al., La.App., 169 So. 822, 823 wherein it is stated: "In the absence of allegations of fraud, error, or mistake,as between parties to a public act, parole testimony is not admissible to show that a sale of property for a recited cash consideration is a simulation or donation." Several decisions are cited. (Italics ours.) In the case before us of course it is a public act of sale between two different contracting parties than the plaintiff and he is not bound by any of the recitals in the deed, especially those by which his rights may have been aggrieved. It follows therefore that that exception was also properly overruled by the trial judge. *Page 691 
On the merits we are concerned more or less with a question of proof. There seems to be no dispute about the property sold in the sale that is being attacked having remained in the possession of the vendor in said sale, D.W. Felder. That being so the law which becomes pertinent to the question involved, especially with respect to the matter of proof, is to be found in Article 2480 of the Revised Civil Code which reads as follows: "In all cases where the thing sold remains in the possession of the seller, because he has reserved to himself the usufruct, or retains possession by a precarious title, there is reason to presume that the sale is simulated, and with respect to third persons, the parties must produce proof that they are acting in good faith, and establish the reality of the sale." See, also, Article 1921, R.C.C., and First National Bank of Ruston v. Jones, 186 La. 269,172 So. 155. The plaintiff, being a third person, that duty imposed under that law then devolved upon the parties to the sale, that is D.W. Felder and Dennis Felder, his son. The fact of the relationship between them does not of itself raise a presumption of bad faith or of simulation but it is a circumstance that can be taken into consideration in weighing all other facts and other circumstances which appear from the evidence.
Among these we find that the property involved in these various transactions was the only property owned by D.W. Felder in Section 48 T. 7 S.R. 3 E. in Livingston Parish. This, the defendant, his son, well knew and he knew also that his father had mortgaged the property which he owned in that section to the Federal Land Bank. He was aware also of the fact that his father had been slow in meeting the mortgage indebtedness and that there had been unsuccessful attempts made to refinance the loan. He was fully acquainted with all the proceedings instituted by the Federal Land Bank against his father and especially did he know of the suit that had been filed to have the description of the property corrected. He knew well also that his father had remained in possession of the property during all of these years and that it was only after the judgment had been rendered in the suit for reformation of the Sheriff's sale to the Federal Land Bank, and ordering him to vacate the premises, that he and his wife had moved to Denham Springs where he resided with some of his children.
Another circumstance which, in our opinion, reflects on the integrity of the sale, arises from the fact that it was more than six months after it had been executed that the deed was filed for record in the conveyance office of the Parish. That, to say the least, was a bit unusual and the defendant has not given a very satisfactory explanation of that long delay.
With regard to the matter of consideration which also forms a ground of attack, we find that again the facts and circumstances are against the genuineness of the sale. The property is amply shown to be worth the sum of at least $800, the price stipulated in the deed of April 13, 1937, when it was conveyed by the Federal Land Bank to the plaintiff herein. Certainly between that date and November 17th following, the day on which D.W. Felder attempted to sell it to the defendant herein, for $100, it could not have diminished $700 in value. Besides, the testimony elicited from the defendant who was placed on the stand as a witness under cross-examination, he having rested his case after introducing his deed, does not justify the conclusion that any money or other consideration passed at all either before, at the time of the sale or thereafter. The Notary before whom it was executed says that none was passed at that time and although he did testify, as did the defendant, that the consideration recited was represented by payment of taxes and installments on the Federal Land Bank mortgage, no tax receipts nor any receipted installments were exhibited to him and neither were any produced or offered in evidence at the trial of this suit.
The defendant has failed therefore to produce proof that the purported deed of May 31, 1938, in which his father attempted to convey to him the property therein described, was a bona fide sale. On the contrary the proof, in our opinion all tends to support the findings of the trial judge that the sale was simulated and therefore null and void.
The judgment appealed from is therefore affirmed at the costs of the defendant, appellant, herein. *Page 692