On October 24, 1941, John G. Rogers instituted a suit against Mrs. George W. Brown for the sum of $1,350, setting forth that she was indebted unto him in the sum of $850 for past due rent for certain premises, and the sum of $500 for damage to the rented premises, coupled with a writ of provisional seizure, which issued on the same day. On the 25th day of October, 1941, the writ was executed by the provisional seizure of certain personal property allegedly belonging to the defendant, Mrs. Brown, but on account of her absence from the premises, the said notice of provisional seizure was not served on her before October 28, 1941. On November 6, 1941, plaintiff obtained a supplemental order to provisionally seize a Chevrolet automobile, alleging that the automobile belonged to the defendant, and had been removed from the leased premises within fifteen days, and praying for recognition of his lessor's lien *Page 69 
and privilege. This order was executed on the same day.
On November 17, 1941, Edward T. Wilber filed a petition of intervention and third opposition, coupled with a motion to dissolve the writ in so far as the automobile was concerned, claiming the ownership of the automobile by virtue of an act of transfer from Mrs. Brown to himself, executed on October 27, 1941, and also setting up that the said automobile had been absent from the premises for more than fifteen days prior to the seizure, and had been in his immediate possession prior to and at the time of seizure, and also setting up a claim for damages for the illegal seizure.
Plaintiff, in the original suit, filed certain exceptions to the procedure, which for the purpose of this decision on appeal, are presumed to be abandoned, as they are not urged. Plaintiff then filed his answer to the intervention and third opposition, and the motion to dissolve the writ in so far as the automobile was concerned, alleging in substance that the purported sale of the automobile was a sham and a simulation, effected with the sole purpose of fraudulently defeating plaintiff's lien and privilege and that the said automobile, at the time of seizure, was still in the possession and control of Mrs. Brown, and had not been away from the leased premises for more than fifteen days.
On trial of the intervention and third opposition of Edward T. Wilber there was judgment in favor of intervenor and against plaintiff John G. Rogers, recognizing the said Wilber as the owner of the automobile, ordering its release, and further judgment in his favor for the sum of $135 as damages, with costs. Plaintiff, in the main suit, defendant in intervention and third opposition, suspensively appealed to this court. Intervenor and third opponent, Wilber, has answered the appeal, asking that the amount of damages granted be increased, and as thus amended it be affirmed.
We find the facts in this case to be that Mrs. George W. Brown, now Mrs. Edward T. Wilber, on June 21, 1941, rented from the plaintiff certain cabins known as the "Blue Ridge Courts", on Highway 171, about 3 miles south of the Town of Leesville, in Vernon Parish, Louisiana, for three months, at a monthly rate of $250; that on October 21, 1941, some four months thereafter, Mrs. Brown was in arrears in her payment to the amount of $850 and Mr. Rogers was desirous of being paid his rent then past due. At that time, Mrs. Brown was the owner of the automobile in question, said automobile then being "quartered" on the premises. That intervenor was a soldier of the rank of Sergeant at Camp Polk and a friend of Mrs. Brown and used the cabin occupied by Mrs. Brown as a "quarter" or storeroom for his civilian clothes; that on the night of October 23, 1941, the day before this suit was filed and two days before the seizure was executed, Mrs. Brown and the intervenor left the "Blue Ridge Cabins", in the automobile, for a trip to Arkansas, Missouri and Illinois, leaving in charge of the cabins a Miss Marie Reniff. It appears, however, that prior to leaving on this trip Mrs. Brown had made arrangement to move to another set of "cabins" known as "The Tavern" owned by Mr. Peter Fasi; that when the seizure was made on October 25, 1941, Miss Marie Reniff then moved over to the Tavern and occupied one of the cabins; that Mrs. Brown and intervenor returned to Leesville on the morning of October 27, 1941, and immediately went to "The Tavern", and during that day, after learning of the seizure made on October 25, 1941, went to the office of Mr. Boone, their attorney, where a document characterized as a sale of the automobile was drawn up wherein Mrs. Brown is purported to have sold to intervenor, for the price and sum of $300 cash, nothing being mentioned of any chattel mortgage then existing on the automobile, the automobile in question, said sale being in authentic form, being executed before W.C. Wood, Notary Public, and before William C. Boone, intervenor's attorney, and Miss Marie Reniff, a friend and roommate, or employee of Mrs. Brown. This document was filed for record and recorded on the 28th day of October, 1941, in the conveyance records of the Parish of Vernon.
Immediately after its execution, or at the time of its filing and recordation, and prior to its seizure, intervenor and his attorney called at the Sheriff's office and presented either the original or a copy of the act to the Sheriff or his deputy. In our opinion, this was done in order to make a showing of good faith and to thwart any seizure of the automobile.
On November 6, 1941, the seizure of the automobile was made. At that time, the automobile was in the front of the cabin *Page 70 
occupied by Mrs. Brown. Mrs. Brown, upon request of the deputy sheriff, surrendered the automobile keys to him. At this time intervenor was not present, nor was he occupying the cabin, nor was Miss Marie Reniff present. Since, under our appreciation of the facts, there were but fourteen days which intervened between the removal of the automobile from the "Blue Ridge Courts" cabins to "The Tavern" cabins, we are of the opinion that the automobile was burdened with the lessor's privilege at the time of the seizure.
We find as a fact that this automobile was "quartered" on the premises of the plaintiff Rogers up to October 23, 1941, when Mrs. Brown and Wilber, the intervenor, left on their trip on the night of October 23, 1941, and we are furthermore convinced that the automobile was in her charge and direction while on their said trip; and upon its return to Leesville, it was "quartered" at "The Tavern" in the front of Mrs. Brown's cabin and so remained until its seizure, the keys therefor being delivered to the Sheriff by Mrs. Brown, thus showing lack of delivery to or possession in intervenor.
The only fact which we find in favor of the intervenor is the fact that after the seizure, he sought to have the mortgage existing on the automobile transferred to his account and that he paid the past due installment thereon, yet his contract of sale did not call for such.
It appears to us that the purported sale to him was not confected in good faith. The written act of sale of October 27, 1941, was executed with knowledge that a writ of provisional seizure had been ordered and executed, save on the automobile in question. It appears to us that the parties in interest expected the said automobile to be provisionally seized, and to circumvent seizure, the cash deed was executed. The fact that the deed was prepared, filed and recorded and presented to the Sheriff is ample proof of this. As to the confection of the deed, on its face, it represents that the intervenor paid the sum of $300, yet the evidence, at best, shows that the intervenor paid no such sum at the execution of the act, but only was to the effect that he had advanced such an amount to be a "dation en paiement". We have sufficient evidence in the record to show that defendant, Mrs. Brown, was at that time, insolvent, to the knowledge of the intervenor.
There is something which strikes us most forcibly, and that is that after Mrs. Brown knew or was informed on her return that the suit had been filed and a provisional order of seizure had been obtained and sought to be served on her, that she and the intervenor then sought counsel and then had an authentic transfer made of the automobile, when really and truly had such been made in good faith such an authentic transfer was not necessary. Furthermore, another thing which strikes us forcibly is that in the transfer of the car nothing was said about the chattel mortgage then existing on the car, and that only after the provisional seizure had been made, then, on November 17, 1941, it is sought to have the intervenor bind himself for the payment of the remaining installments due on the car.
Another circumstance which greatly controls us in our decision is that, as stated above, the act clearly sets out that there was paid, at the time of its execution, the sum of $300, yet the preponderance of the evidence is that no such sum was paid. The testimony of the intervenor is to the effect that he paid this amount in cash, having won the same in a "crap game", while the testimony of Mrs. Brown and of Miss Marie Reniff is to the effect that such sum had been previously advanced to Mrs. Brown prior to the execution of the purported cash sale, and the cash sale was more in the nature of a dation en paiement. It is evident that at the time of the confection of the purported sale that the intervenor and Mrs. Brown knew of the then pending suit for the past due rent and that the defendant Mrs. Brown was then in arrears and that the automobile was subject to the lessor's lien, and the said act was, in the most, an attempt to give a preference to Mr. Wilber.
We are therefore of the opinion that under these circumstances the act of transfer of the automobile was fraudulent, a sham and a simulation, and, applying the law to such conclusion, particularly Articles 1922, 1923, and 2480 of the Civil Code, and as interpreted in the cases of Bullard v. Nattin, 18 La.App. 75, 137 So. 551, Dorsey v. Ashford, La.App., 200 So. 176, and Reeves v. Felder, La.App., 6 So.2d 688, we cannot but come to the conclusion that the judgment should be reversed and that the *Page 71 
intervenor and third opponent's demand be dismissed at his costs.
For these reasons, the judgment appealed from is annulled, avoided and reversed, and it is now ordered, adjudged and decreed that the intervention and third opposition of Edward T. Wilber be and the same is hereby dismissed at his costs in both courts.